## EX PARTE EMMA CREEL.

### *No. 3126.   Decided March 24.*

**1.   Punishment—Female Convict—House of Correction and Reformatory—Penitentiary.**—A female convict is not punishable by confinement in the house of correction and reformatory, that institution being for the confinement of male convicts exclusively.   A female convicted of felony is punishable by confinement in the penitentiary.

**2.   Same—Charge of the Court—Verdict—Judgment—Sentence.**—A charge of the court authorizing the jury to assess the punishment of a female defendant at confinement in the house of correction and reformatory, a verdict assessing such punishment, and a judgment and sentence accordingly, are without authority of law, and such verdict, judgment, and sentence are absolutely void, and confinement thereunder in either the house of correction and reformatory or in the penitentiary is illegal.

**3.   Construction of Statutes.**—Statutes are to be construed in accordance with the legislative intent.   See the opinion for a construction of the statutes relating to punishment of convicts by confinement in the house of correction and reformatory, the construction being that female convicts can not be confined in said institution.

HABEAS CORPUS on original application to the Court of Appeals from Parker County.

The opinion fully states the case.

*Howard Martin,* for applicant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. — This is an original application to this court for a writ of *habeas corpus,* in which it is alleged that the applicant is illegally restrained of her liberty by the superintendent of the State penitentiary at Huntsville, Texas.   The case is submitted to us

upon an agreed statement of all the facts necessary to, and with a view to the speedy adjudication of, the questions involved; and all formalities with regard to the issuance and return of the writ are expressly waived, as well as the personal presence of the applicant before this court. The agreement is as follows:

*Ex Parte Emma Creel.*—In Court of Appeals, Galveston, Texas, 1891. Original application for *habeas corpus.*

In the above entitled cause it is hereby agreed by and between the attorneys representing the applicant, and the Assistant Attorney-General representing the State, that inasmuch as it is unnecessary that the body of the applicant be brought from the penitentiary at Huntsville and produced before the court on the hearing of the case, that therefore her personal appearance in court at the hearing of this application is hereby expressly waived.

It is further agreed that the following are the facts and the only facts necessary to be passed upon by the court, involved in this application for *habeas corpus:*

1.   That Emma Creel is a female under the age of sixteen years.

2.   That she was tried and convicted of burglary at the last term of the District Court of Parker County, Texas.

3.   That the court in its charge to the jury instructed them that if they found her to be under sixteen years of age they would assess her punishment by imprisonment in the State reformatory and house of correction.

4.   That the jury by their verdict found her guilty and assessed her punishment at two years confinement in the reformatory.

5.   That the judgment of the court was rendered accordingly that she be punished, as had been determined by the jury, by confinement in the reformatory and house of correction for two years.

6.   And by the sentence of the court the said Emma Creel was ordered to be confined in the reformatory and house of correction for two years, and that she was ordered to be delivered by the sheriff of Parker County to the superintendent of the house of correction and reformatory, and that officer when he carried her to said institution for delivery to the superintendent was told by said superintendent that he could not and would not receive her into said reformatory, because he claimed that under the law and by its terms females could not be received into that institution; that said institution had been erected solely for the benefit of males under sixteen years of age.

7.   That having been refused admission in the reformatory as above stated, the sheriff carried the said applicant, Emma Creel, to Huntsville, and tendered her to the superintendent under the said judgment and sentence for incarceration in the said penitentiary in the State of Texas.

8.   The said superintendent received the said applicant, Emma Creel, a convict under said judgment and sentence, and placed her in the penitentiary at Huntsville to serve out the imprisonment assessed against her of two years by said judgment and sentence.

9.   That the said Emma Creel since she was received by said superintendent of said institution has been and is still restrained of her liberty as a convict within the walls of said State penitentiary at Huntsville.

10.   The foregoing facts are all the facts necessary to be submitted to the Court of Appeals on the hearing of the applicant's petition for writ of *habeas corpus;* and it is hereby agreed that the writ of *habeas corpus* may issue, made returnable and to be heard by the Court of Appeals at Galveston, Texas, on the 20th day of March, 1891, or as soon after as possible, and service of said writ upon the superintendent at Huntsville and his return upon said writ is hereby expressly waived on the part of the State, and the presence of said applicant, Emma Creel, before the court on the hearing of the writ is hereby expressly waived on the part of the applicant and her attorney; and it is agreed that the case may be determined upon the above statement of all facts by the Court of Appeals as though all the process and formalities with regard to *habeas corpus* had been strictly complied with.       RICHARD H. HARRISON, Assistant Attorney-General.

HOWARD MARTIN, Attorney for Applicant, Emma Creel.

"An Act to establish a house of correction and reformatory, and to provide for its government and maintenance, and to make an appropriation therefor," was passed by the Twentieth Legislature, and approved March 29, 1887.   By the sixth section of said act it was provided that:   "In said house of correction and reformatory shall be confined all convicts under the age of sixteen years who may be in the penitentiaries of this State, and whose unexpired term of prison sentence may be five years or less, and all the persons under sixteen years of age who shall hereafter be convicted of a felony in any court of this State whose term of confinement shall not exceed five years."   In the seventh section of said act, in speaking of the judgment to be rendered in such cases, the words, "for the term of his or her sentence," are used.   Genl. Laws 20th Leg., p. 66.

It is clear that under the Act of March 29, 1887, it was the intention of the Legislature to have all females as well as males who came within the purview of the law confined in the house of correction and reformatory.

In his message to the Twenty-first Legislature, January 10, 1889, the Governor, in calling their attention to the reformatory as then in operation, submits as a recommendation that "the present institution should be devoted entirely to the keeping of male delinquents." House Journal 21st Leg., p. 21.

By an act approved the second day of April, 1889, the Twenty-first Legislature adopted "An Act to provide for the more efficient government and maintenance of the house of correction and reformatory at Gatesville." By the eleventh section of this act it is provided that, "in said house of correction and reformatory shall be confined all convicts heretofore transferred thereto, or heretofore provided by law to be transferred from the penitentiaries of this State, and all male persons under sixteen years of age who shall hereafter be convicted of a felony in any court in this State whose term of confinement shall not exceed five years," etc. Gen. Laws 21st Leg., p. 97. In the twelfth section of said act, speaking of the term of sentence, the language used is, "for the term of *his* sentence," and in the fourteenth section the masculine "him" is used in reference to the escape and recapture of such convict.

This latter act contains no express repeal of the Act of 1887, *supra;* and whilst repeals by implication are not favored in law, still the main object and purpose in the construction of statutes being to arrive at the intention of the Legislature in the enactment, we are of the opinion that it is evident from the attendant circumstances and the changes in the phraseology and terms used in the Act of 1889, above noticed, that it was the intention of the Legislature to so change the law as that after its adoption no female convict under the age of sixteen years should be punished by confinement in the house of correction and reformatory. This change was recommended by the Governor, and doubtless was induced by the fact that proper accommodations had not been provided, and that female convicts in that institution would tend to demoralize or at all events tend to obstruct the reformation of the youthful inmates if incarcerated in the same institution until other and more suitable arrangements could be made for their accommodation. But be the inducing causes and reasons whatever they may, we are clearly of the opinion that the Legislature have prohibited, and that they intended by the Act of 1889 to prohibit thereafter the imprisonment of females in said institution.

In an opinion given by the Attorney-General of the State to Major Goree, superintendent of the penitentiary, on the 28th of October, 1889, it is said: "Reading the two acts (1887 and 1889) together, the intention appears to be manifest that under the present law male persons only can be confined in the house of correction and reformatory. You are therefore advised that a female convicted after April 2, 1889, of a felony committed on that date, or subsequent thereto, can not be confined in the reformatory, even though she is found to be under sixteen years of age, and her punishment is assessed at five years or less."

As to the case in hand, it is clear from the foregoing that the charge of the court, the verdict of the jury, and judgment and sentence of the court authorizing and inflicting upon this applicant punishment by imprisonment in the house of correction and reformatory, were with-

out authority of law, and that consequently the said verdict, judgment, and sentence are absolutely void. Under said judgment applicant could not be confined in the reformatory; and being void, she could not and can not be legally confined under it in the penitentiary of the State, though that would have been, under a proper verdict and judgment of conviction, the proper place for her imprisonment. There is no judgment or sentence of any court which authorizes the applicant to be confined in the penitentiary. Her custody and restraint of her liberty in that institution are illegal.

In the attitude in which the case is presented to us, and under the law as we understand it, there is no option in the matter left us; on the contrary, our duty demands that we order that she be discharged from her illegal imprisonment.

It is therefore considered, ordered, and adjudged that the applicant, Emma Creel, be discharged from the penitentiary of the State of Texas, and that this order, together with the mandate of the court, be sent to Thos. J. Goree, Superintendant of the State penitentiary at Huntsville, for his direction and observance.

*Applicant discharged.*

Judges all present and concurring.